UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESTABAN PELACOS,
    Plaintiff,

v.

MUNIZ, et. al.,
    Defendants.

Case No. 16-cv-6666-TEH

ORDER OF DISMISSAL WITH LEAVE TO AMEND

Dkt Nos. 10, 11, 12

    Plaintiff, a state prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

I

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010);

Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

## II

Plaintiff alleges that Defendants were deliberately indifferent to his health and safety.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993).  In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety.  See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer v. Brennan, 511 U.S.

825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, id. (citing Wilson, 501 U.S. at 297).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. Id. at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison

3

official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff alleges that two correctional officers were deliberately indifferent to his health and safety by not providing him with a cane and then having him walk down a steep ramp where he fell and was injured. He also alleges a sergeant is liable for continuing to have inmates walk down this steep ramp despite the risk of injury. These allegations are sufficient to proceed.

Plaintiff also states that upon his return to the prison after being treated at the hospital for an injured back, a doctor told him that his back was fine and a lost toe nail was due to fungus. The doctor prescribed fungus cream. Plaintiff has failed to describe the treatment that should have been provided and how it violated the Eighth Amendment. Plaintiff has also failed to identify this doctor. This claim will be dismissed with leave to amend. Plaintiff should provide more information about how his rights were violated and he must identify the doctor. He may wish to review his medical paperwork from that appointment to ascertain the doctor's name.

Plaintiff has also requested that counsel be appointed to assist him in this action. A district court has the discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an

4

1  indigent civil litigant in exceptional circumstances.  See
2  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  This
3  requires an evaluation of both the likelihood of success on the
4  merits and the ability of the plaintiff to articulate his claims
5  pro se in light of the complexity of the legal issues involved.
6  See id.  Neither of these factors is dispositive and both must be
7  viewed together before deciding on a request for counsel under §
8  1915 (e)(1).  Here, exceptional circumstances requiring the
9  appointment of counsel are not evident and the request is denied.

                                  III

11      For the foregoing reasons, the Court hereby orders as
12 follows:
13      1.  The motions to file an amended complaint (Docket Nos.
14 10, 12) are GRANTED and the Court has considered those filings.
15 The motion appoint counsel (Docket No. 11) is DENIED.
16      2. Plaintiff's Complaint is DISMISSED WITH LEAVE TO FILE A
17 FIRST AMENDED COMPLAINT, within twenty-eight days containing all
18 related claims against all Defendants that Plaintiff wishes to
19 proceed against in this action.  The pleading must state clearly
20 how each and every Defendant is alleged to have violated
21 Plaintiff's federally-protected rights.  See Leer, 844 F.2d at
22 634.  The pleading must include the caption and civil case number
23 used in this order and the words COURT ORDERED FIRST AMENDED
24 COMPLAINT on the first page.  Plaintiff is advised that he must
25 file all of his claims in one complaint and not present them
26 piecemeal to the Court in various letters and other documents.
27 Failure to file a proper First Amended Complaint within twenty-
28 eight days of this order will result in this case only proceeding

1  against the two correctional officers and sergeant as described above.

2. Plaintiff is advised that the First Amended Complaint will supersede the original Complaint and all other pleadings. Claims and defendants not included in the First Amended Complaint will not be considered by the Court.  See Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

3. It is Plaintiff's responsibility to prosecute this action.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: 1/10/2017

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.16\Pelacos6666.dwlta.docx